IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.

Dated: March 31, 2025.



_____
SHAD M. ROBINSON
UNITED STATES BANKRUPTCY JUDGE
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In Re: | § | Case No. 23-10759-smr |
| | § | |
| Adrienne Suzanne Altman, | § | |
| | § | |
| Debtor. | § | Chapter 7 |

| | | |
|---|---|---|
| Adrienne Suzanne Altman, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Adv. Proc. No. 24-01007 |
| | § | |
| U.S. Department of Education, | § | |
| | § | |
| Defendant | § | |

**MEMORANDUM OPINION DENYING STUDENT LOAN DISCHARGE**
**(Relates to ECF No. 1 & 19)**

On September 13, 2023, Adrienne Suzanne Altman, ("Altman" or "Debtor") filed a voluntary Chapter 7 bankruptcy petition. [Case No. 23-10759-smr, ECF No. 1].

On February 16, 2024, Altman filed her *Complaint to Determine Dischargeability of Student Loans* (the "Complaint") at ECF No. 1. In the Complaint, Altman asserts that her student

1

loans in the alleged approximate amount of $25,602.59 are dischargeable under 11 U.S.C. § 523(a)(8) on the grounds that excepting such student loans from discharge would cause an undue hardship on herself. Altman did not provide any evidence that she has dependents, but did state in the Complaint that she helps care for her homebound father.

This Court has statutory jurisdiction over this Adversary Proceeding under 28 U.S.C §§ 157(b)(2)(A) and (I), 1334(a)–(b), and 11 U.S.C. § 523(a)(8). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (I) as it involves administration of the estate and determination as to the dischargeability of debts. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

On March 7, 2024, the U.S. Department of Education (the "Department of Education") filed its *Answer to Plaintiff's Adversary Complaint* (the "Answer") at ECF No. 4.

On October 4, 2024, Altman's counsel filed a *Stipulation and Joint Motion for Entry of Consent Judgment* (the "Stipulation and Joint Motion for Entry of Consent Judgment") at ECF No. 19. In the Stipulation and Joint Motion for Entry of Consent Judgment, Altman and the Department of Education (collectively, the "parties") stipulated to certain facts and conclusions and requested that the Court enter a consent judgment finding and holding that Altman's student loan debt of approximately $25,602.59 owed to the Department of Education would be discharged under 11 U.S.C. § 523(a)(8). No other documents were attached in support of the Stipulation and Joint Motion for Entry of Consent Judgment.

On October 11, 2024, the Court held a hearing to consider the Stipulation and Joint Motion for Entry of Consent Judgment. The Court advised the parties that it was bound by 11 U.S.C. § 523(a)(8), United States Supreme Court precedent, and Fifth Circuit precedent on the standard that the Court was required to apply before holding that Altman's student loans were dischargeable. The Court also noted that guidance issued by the Department of Justice to its

attorneys provides in pertinent part that the United States' stipulation of facts relevant to undue hardship "is not binding on the bankruptcy court, which will render its own determination whether a debtor has met the standard for an undue hardship discharge."[1]

The Court reset the October 11, 2024 hearing for a trial and evidentiary hearing on December 9, 2024. At the December 9, 2024 trial, Altman and her counsel appeared and presented arguments and evidence. The Department of Education did not offer any controverting evidence and confirmed that it had no opposition to Altman's request for a student loan discharge under 11 U.S.C. § 523(a)(8).

After the December 9, 2024 hearing, the Court took the matter under advisement to review the evidence that was offered and admitted. The Court also granted Altman leave to file supplemental evidence by December 19, 2024. Altman filed supplemental evidence in the form of additional exhibits on December 19, 2024.

After considering the pleadings and any responses thereto, Altman's testimony, the exhibits offered and admitted at the hearings, the exhibits filed by Altman after the hearing, the procedural history of this case, and the arguments of the parties, the Court finds that Altman has not satisfied her burden[2] to show an undue hardship on herself and; therefore, Altman is not entitled to a discharge of her student loans under 11 U.S.C. § 523(a)(8).

It is well established that § 523(a)(8) of the Bankruptcy Code provides that an individual debtor is not discharged from student loan debt described therein unless excepting such debt from discharge would impose an undue hardship on the debtor and her dependents if not discharged.

---

[1] U.S. Dep't of Justice, GUIDANCE FOR DEPARTMENT ATTORNEYS REGARDING STUDENT LOAN BANKRUPTCY LITIGATION, 1, 16 (2022), *available at*
http://www.justice.gov/d9/pages/attachments/2022/11/17/student_loan_discharge_guidance_-_guidance_text_0.pdf.

[2] It is the Debtor's burden to prove "undue hardship" by a preponderance of the evidence under 11 U.S.C. § 523(a). *Grogan v. Garner*, 498 U.S. 279, 290-91 (1991); *In re Blake*, 377 B.R. 502, 506 (E.D. Tex. 2007); *In re Farrish*, 272 B.R. 456, 461 (Bankr. S.D. Miss. 2001); *Johnson v. U.S. Dep't of Educ.*, 541 B.R. 759, 764 (Bankr. N.D. Ala. 2015); *In re Brown*, 247 B.R. 228, 233 (Bankr. N.D. Ohio 2000).

11 U.S.C. § 523(a)(8).

In interpreting § 523(a)(8), the Supreme Court made it clear in *Espinosa* that the bankruptcy court is required to find undue hardship before discharging a student loan debt, that such requirement is self-executing, and that the bankruptcy court's failure to find undue hardship is a legal error. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 274-75 (2010).[3] The *Espinosa* Court acknowledged that the parties could stipulate to the underlying facts of undue hardship, and the student loan creditor could even waive service of a summons and complaint, but that in those situations, compliance with § 523(a)(8) requires the bankruptcy court to "make an independent determination of undue hardship . . . even if the creditor fails to object or appear in the adversary proceeding." *Espinosa*, 559 U.S. at 276-77 (citing *Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440, 450 (2004)).

With regard to determining "undue hardship" under § 523(a)(8), the Fifth Circuit adopted the three-prong test set forth in *Brunner v. New York State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2nd Cir. 1987) as the controlling standard. The *Brunner* test requires the Debtor to show:

> (1) that the debtor cannot maintain, based on current income and expenses, a minimal standard of living for herself and her dependents if forced to repay the student loans;
>
> (2) that additional circumstances exist indicating that the debtor's state of affairs is likely to persist for a significant portion of the repayment period of the

---

[3] The Court recognizes that *Espinosa* is distinguishable procedurally from this case, but the guidance as to § 523(a)(8) remains applicable and instructive. In *Espinosa* the debtor filed a Chapter 13 bankruptcy and attempted to discharge his student loans through a confirmed chapter 13 plan. 559 U.S. at 268. The *Espinosa* Court rejected the student loan creditor's procedural arguments and determined that although the bankruptcy court's failure to find undue hardship before confirming a chapter 13 plan is legal error, if the creditor had notice of the court's error and failed to object or timely appeal then the confirmation order is enforceable and binding. *Id.* at 275. Notwithstanding denial of the student loan lender's relief on procedural grounds, the *Espinosa* Court confirmed that a bankruptcy court is required to find undue hardship before discharging a student loan debt, that such requirement is self-executing, and that the bankruptcy court's failure to find undue hardship is a legal error. *Id.* at 271, 273-275, and 278.

student loans; and

(3) that the debtor has made good faith efforts to repay the student loans.

*In re Gerhardt*, 348 F.3d 89, 91 (5th Cir. 2003) (citing *Brunner*, 831 F.2d at 396); *Matter of Thomas*, 931 F.3d 449, 451 (5th Cir. 2019).

With regard to the second prong of *Brunner*, the Fifth Circuit has described "additional circumstances" as those impacting the debtor's future earning potential that were not present when the debtor applied for the student loans or have since been exacerbated. *Gerhardt*, 348 F.3d at 92 (citing *In re Roach*, 288 B.R. 437, 445 (Bankr. E.D. La. 2003)). Furthermore, proving that the debtor is *"currently in financial straits is not enough." Id*. (citing *In re Brightful*, 267 F.3d 324, 328 (3rd Cir. 2001) (emphasis added)). The Fifth Circuit has made it clear that the second prong of the *Brunner* test is meant to be a *"demanding requirement"* and the debtor must prove total incapacity in the future to pay her debts for reasons not within her control. *Id*. (citing *In re Faish*, 72 F.3d 298, 307 (3rd Cir. 1995) (emphasis added)); *Matter of Thomas*, 931 F.3d at 451; *In re Thomas*, 581 B.R. 481, 485 (Bankr. N.D. Tex. 2017). The plain meaning of § 523(a)(8) is that student loans are not to be discharged unless repayment would impose intolerable difficulties on the debtor. *Matter of Thomas*, 931 F.3d at 454.

Applying the Firth Circuit's § 523(a)(8) undue hardship test to the evidence offered and admitted to the Court in this case, the Court:

**FINDS** that Altman has not meet her burden under the § 523(a)(8) undue hardship test; and the Court further

**FINDS** that Altman owes approximately $25,602.59 in student loan debt to the Department of Education; and the Court further

5

**FINDS** that although Altman might currently be in financial straits, she can maintain, based on her current income and expenses, a minimal standard of living for herself if she repays her student loan debt; and the Court further

**FINDS** that Altman has not proven total incapacity in the future to pay her debts for reasons not within her control; and the Court further

**FINDS** that although Altman submitted some evidence of the deception related to her attendance at DeVry University, she offered no evidence of medical records, no evidence of disabilities, no evidence of other health issues, no evidence of her efforts to seek employment that pays more than her current position, and no evidence that she could not obtain future employment at a higher salary; and the Court further

**FINDS** that Altman owes approximately $10,139.46 for loans incurred while attending fraudulent university DeVry University; and the Court further

**FINDS** that Altman is currently employed as an Agent Services Manager earning $36,000 per annum; and the Court further

**FINDS** that Altman does not have any dependents; and the Court further

**FINDS** that Altman did not submit the testimony of any witnesses in her trial; and the Court further

**FINDS** that repayment of her student loan debt would not impose intolerable difficulties on Altman.

Accordingly,

**IT IS THEREBY ORDERED** that under 11 U.S.C. § 523(a)(8), Adrienne Suzanne Altman's request for a student loan discharge is **DENIED.**

**IT IS FURTHER ORDERED** that Altman has neither satisfied her burden nor shown that

repayment of her student loan debt would impose an undue hardship as required by 11 U.S.C. § 523(a)(8).

**IT IS FURTHER ORDERED** that Altman's student loans are not discharged under 11 U.S.C. § 523(a)(8).

**IT IS FURTHER ORDERED** that the parties shall bear their respective fees and costs.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to close this Adversary Proceeding after the Court enters its Final Judgment.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # #